LYDON v. ROBERT SMITH ALE BREWING CO.

(Circuit Court, E. D. Pennsylvania.   December 21, 1904.)

No. 13.

1. CARRIERS—RELATION OF CARRIER AND PASSENGER—PRESUMPTION FROM CARRIAGE IN PRIVATE VEHICLE.

There is no presumption that a person riding in a private vehicle of another is being carried as a passenger for hire, as would be the case if the owner of the vehicle were a common carrier of passengers, and an allegation of such fact in a pleading must be sustained by proof.

2. NEGLIGENCE—ACTION FOR DAMAGES—SUFFICIENCY OF PROOF.

Plaintiff brought an action to recover for the death of her intestate, alleged to have resulted from the negligence of defendant's servant in driving a wagon owned by defendant and employed in its business as a brewer, in which it was alleged the decedent was being carried as a passenger for hire. *Held*, that the allegation that deceased was being carried for hire was an essential part of plaintiff's case, and must be proved.

At Law.   On motion for new trial.

Thomas J. Meagher, for plaintiff.

Frank P. Prichard, for defendant.

J. B. McPHERSON, District Judge.   The plaintiff is the mother of the decedent, John B. Lydon, and sues to recover damages for the death of her son, stating her cause of action in the following language:

"The said defendant was, at the time of the grievances hereinafter set forth, to wit, on the 12th day of December, 1903, possessed of a certain vehicle, to wit, a wagon, and of certain horses drawing the same. The said defendant did then as well receive in the said wagon so drawn as aforesaid John B. Lydon, a son of the said plaintiff, as a passenger therein to be carried by and in the said wagon, so drawn as aforesaid, from below the junction of certain streets of the city of Philadelphia, in the above-named Eastern District of Pennsylvania, to wit, Girard avenue and Thirty-Eighth street, to above the same, as obtain hire from the said John B. Lydon for the said carriage of him, the said John B. Lydon.   The said wagon, so drawn as aforesaid, was then under the care, custody, and control of a certain servant of the said defendant; and the said servant of the said defendant was then driving the said wagon, so drawn as aforesaid, in which the said John B. Lydon was a passenger, as aforesaid, near the said junction of the said Girard avenue and the said Thirty-Eighth street.   Thereupon it then and there became and was the duty of the said defendant to use due care that the said John B. Lydon should be safely carried by and in the said wagon, so drawn as aforesaid; yet the said defendant, not regarding its said duty, did not use due care that the said John B. Lydon should be safely carried by and in the said wagon, so drawn as aforesaid, but then and there wholly neglected so to do.   The said defendant by its servant then so negligently drove the said wagon, so drawn as aforesaid, that the same then, near the said junction of the said Girard avenue and the said Thirty-Eighth street, came into collision with a certain street railway car; whereby the said John

B. Lydon was then and there thrown about with great force and violence and was thereby greatly cut and bruised and otherwise grievously injured in body and in mind, by reason whereof the said John B. Lydon afterward, to wit, on the 19th day of December, 1903, died."

At the trial the plaintiff proved that, although her son was riding on the wagon at the time of the collision, he was not a servant of the defendant, and had no part in driving the vehicle. She offered no explanation of his presence upon the wagon, and made no attempt to prove the foregoing averment that he was being carried for hire. Thereupon the court directed a verdict for the defendant, upon the ground that the plaintiff had failed to establish an essential part of the cause of action set forth in her statement, and it is this instruction that is now attacked as erroneous. The driver's negligence is, for present purposes, to be taken for granted, and the sole question now is whether the testimony offered by the plaintiff should be helped out by any presumption of fact that requires the case to be submitted to a jury.

If the defendant were a common carrier of passengers, there would no doubt have been a rebuttable presumption that the decedent was lawfully upon the vehicle. In Pennsylvania Railroad v. Books, 57 Pa., on page 346, 98 Am. Dec. 229, the Supreme Court of Pennsylvania laid down the rule of evidence as follows:

"Every one riding in a railroad car is presumed prima facie to be there lawfully as a passenger, having paid, or being liable when called on to pay, his fare, and the onus is on the carrier to prove affirmatively that he was a trespasser."

And in Creed v. Pennsylvania Railroad, 86 Pa. 146, 27 Am. Rep. 693, the court again declared:

"It was certainly correct to say 'that if a person, not connected with the company, travels by a passenger train, presumably he is traveling as a passenger, and for consideration'; in other words, he is presumed to have paid his fare, or to be ready to pay it when called upon. To presume otherwise would be to presume that such an one was a trespasser; but this is an affirmative proposition, the proof of which rests upon the one alleging it."

But the defendant was not a common carrier of passengers, and I see no good reason for extending the presumption that grows out of that kind of business so as to include a person riding upon a private vehicle such as the defendant's wagon. The presumption that assists one who is riding upon a railway train is based upon the observed facts that the vast majority of persons aboard such a train are passengers who have paid, or are ready to pay, their fare. Prima facie, therefore, every one upon the train who is not engaged visibly as a servant of the carrier is a passenger, and the burden of proof is upon the carrier to rebut the presumption. But there is no such foundation in the observed facts of daily life for a similar presumption concerning a man who is not a brewer's servant, but is nevertheless found riding upon the brewer's wagon. How he comes to be there may be surmised, but cannot be certainly known without evidence. He may be an idle friend of the driver, taking the air merely for his own pleasure; he may be a neighbor, who is being carried part of the distance to his home; he may be a customer on his way to the brewery, who is willingly afforded the

opportunity to ride to his destination, instead of being obliged to walk, or to pay his fare in the street cars; he may be on the wagon by direction or by permission of the defendant, or he may be there in spite of the defendant's positive orders to the contrary; or he may have paid for his transportation, and thus be entitled to his seat by virtue of a contract for a valuable and sufficient consideration. In brief, his presence can be accounted for in so many ways of equal, or of nearly equal, probability, that I cannot believe there is any presumption on the subject, and (in consequence) that the plaintiff was relieved from the obligation of proving affirmatively how her son came to be in a place so unusual. Moreover, since the plaintiff deliberately chose one method of accounting for the decedent's presence upon the wagon, and distinctly averred that he was riding upon this private vehicle by virtue of a contract of hire, I am unable to see upon what principle she might repudiate the ordinary obligation to prove what she had thus averred, and might turn the whole matter over to the jury in order that they might guess at the true explanation. Until such explanation was given, the defendant's duty could not be properly measured, and, in my opinion, therefore, the plaintiff was bound to offer evidence in support of the particular averment in this respect upon which her case was put.

The motion for a new trial is overruled.